Loíza Sugar Company, Plaintiff and Appellant, *v.* Manuel V. Domenech, Treasurer of Puerto Rico, Defendant and Appellee.

No. 5383. Decided February 17, 1933.

*Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellant. *Chardes E. Winter, Attorney General,* and *M. Rodríguez. Serra, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 26th of July; 1932, this Court rendered judgment affirming a decision of the District Court of San Juan in so far as it granted $245.04 with interest, and reversed the case in so far as it failed to order that the plaintiff should be paid back the sum of $6,807.01. 43 P.R.R.———.* The mandate in due course was sent to the district court. The successful appellant now comes into court and asks us to recall the mandate. The appellant claims that the judgment on the $6,807.01 should include interest in the same way as the award made by the court below.

It evidently concedes that the application is a little late, but attempts to excuse itself by saying that this Court promptly went into vacation after rendering its decision and that counsel for the appellant have been extremely busy ever since.

After the rendition of our judgment not only the vacation terms of this Court but the fifth term of the year 1932 have elapsed. Therefore, we question the power or authority of

---

* NOTE: See Preface of this volume.

this Court, after the term and after such a length of time, to amend its own judgment. No extraordinary situation is alleged which would call for a possible exercise of our powers.

Whether we have the power or authority or not, the steady practice of this Court has been not to take action after the lapse of so long a time as has occurred in this case.

Coming to the merits, however, the possibility of awarding interest did not entirely escape our attention upon rendering our judgment. We found, however, that no claim of interest was made in the complaint nor yet in the original brief of the appellant, and hence we made no such award.

Nor do we find that an award of interest is imperative. Section 79 of Act No. 74 of 1925 (Session Laws, page 543), having no reference to court action, taken by itself apparently makes the inclusion of interest imperative or somewhat imperative, but section 80 of the same act provides:

"Interest may be allowed in any judgment of any court rendered after the passage of this Act against The People of Porto Rico for any income or excess—profits tax, erroneously assessed or collected, or for any penalty collected without authority or any sum which was excessive or in any manner wrongfully collected, under the income tax laws."

Therefore, the award of interest must be considered, as in any other case, as necessary to be prayed for and to a certain extent discretional in the court.

The fact that the district court awarded interest in its judgment would be no real guide. The court perhaps was mistaken in awarding interest without a claim being made therefor.

The motion will be denied.